United States District Court
Southern District of Texas
**ENTERED**
January 09, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VIRGINIA MONTOYA CABANAS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-26-32 |
| | § | |
| BRET BRADFORD, in his official capacity as | § | |
| Field Office Director of U.S. Immigration and | § | |
| Customs Enforcement Houston Field Office, *et* | § | |
| *al.*, | § | |
| | § | |
| Respondents. | | |

**ORDER TO ANSWER**

The petitioner, Virginia Montoya Cabanas, is a detainee in the custody of United States

Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials at

the Houston Contract Detention Facility in Conroe, Texas. Through counsel, she filed a petition

for a writ of habeas corpus under 28 U.S.C. § 2241, challenging her continued detention pending

removal proceedings under 8 U.S.C. § 1225. (Docket Entry No. 1). She names as respondents

Bret Bradford, in his official capacity as Field Office Director of U.S. Immigration and Customs

Enforcement Houston Field Office; Martin Frink, in his official capacity as Warden of the Houston

Contract Detention Facility; Pamela Bondi, in her official capacity as Acting Attorney General of

the United States; and Kristie Noem, in her official capacity as the Secretary of the U.S.

Department of Homeland Security. (*Id.* at 1). She alleges violations of the Immigration and

Nationality Act and his due-process rights. (*Id.* at 9–11). She requests that the court order the

respondents to release her immediately or, alternatively, to provide her a bond hearing. (*Id.* at 12).

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts[1] requires the court to promptly examine the petition and its attached exhibits and dismiss the petition, in whole or in part, if the face of the petition shows that the petitioner is not entitled to relief. Having conducted the required examination, the court orders as follows.

1.      The Clerk must deliver copies of the petition, (Docket Entry No. 1), and this Order to the United States Attorney for the Southern District of Texas, Nicholas J. Ganjei, by certified mail, return receipt requested, addressed to the Civil Process Clerk, United States Attorney's Office, 1000 Louisiana St., Suite 2300, Houston, TX 77002, and by electronic mail to USATXS.CivilNotice@usdoj.gov.

2.      The Clerk must also serve copies of the petition, (Docket Entry No. 1), and this Order by certified mail on (1) the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, D.C. 20530-0001; and (2) Martin Frink, Warden of the Houston Contract Detention Facility, 15850 Export Plaza Drive Houston, TX 77032.

3.      The respondents must file an answer or other appropriate responsive pleading within **five (5) days** after the date of service and must forward a copy to the petitioner's counsel. If matters outside the pleadings are relied upon, the motion will be treated as a motion for summary judgment and should be entitled as such.

4.      In addition to any defense, in law or fact, to a claim for relief by the petitioner, the respondent's answer must contain: (a) a statement of the authority by which the petitioner is held and, if held under the judgment of a court or administrative tribunal, the name of such court or tribunal and the number and style of the case(s) in which those judgments were entered; and (b) a

---

[1]A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

statement as to whether the petitioner has exhausted all available administrative remedies.

5.    Whether the respondent elects to submit an answer or a dispositive motion (*i.e.*, a motion to dismiss or for summary judgment), the petitioner must file any response within **10 days** of the date reflected on the certificate of service.  Under the court's local rules, the petitioner's failure to respond will be considered a representation that the petitioner does not oppose the motion. *See* S.D. Tex. L.R. 7.4.  If the petitioner fails to comply on time, the court may dismiss this case for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

6.    The respondents must notify petitioner's counsel and the court of any anticipated or planned transfer of Montoya Cabanas outside of the Southern District of Texas **at least five (5) days before** any such transfer.

SIGNED on January 8, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

3