IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VIRGINIA MONTOYA CABANAS, § § Petitioner, § § vs. § BRET BRADFORD, in his official capacity as § Field Office Director of U.S. Immigration and § Customs Enforcement Houston Field Office, *et* § *al.*, § § Respondents. | CIVIL ACTION NO. H-26-32 |

**ORDER**

The petitioner, Virginia Montoya Cabanas, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the Houston Contract Detention Facility. Through counsel, she has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging her continued detention pending removal proceedings without a proper bond hearing. (Docket Entry No. 1).

The elephant in the room is the fact that this is Montoya Cabanas's second habeas petition. In *Cabanas v. Bondi*, No. 4:25-cv-04830, 2025 WL 3171331, (S.D. Tex. Nov. 13, 2025), Judge Eskridge reviewed her detention and denied her petition—on the very same issue she now reasserts. In the usual case, issue preclusion would compel this court to deny her petition. *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). But this is not the usual case, for two reasons.

First, there is a later-in-time class-action judgment granting the relief that Montoya Cabanas is seeking. *Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, --- F. Supp. 3d ----, 2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

Under traditional preclusion principles, that last-in-time judgment controls. RESTATEMENT (SECOND) OF JUDGMENTS § 15 (Am. L. Inst. 1982); *see* Ruth B. Ginsburg, *Judgments in Search of Full Faith and Credit: The Last-in-Time Rule for Conflicting Judgments*, 82 HARV. L. REV. 798, 798 (1969) ("Under traditional res judicata doctrine, where there are conflicting judgments and each would be entitled to preclusive effect if it stood alone, the last in time controls in subsequent litigation.").

Second, these judgments were entered in cases initiated by habeas petitions. As the government points out, (Docket Entry No. 7 at 6), "the doctrines of res judicata and collateral estoppel are not applicable in habeas proceedings," *Hardwick v. Doolittle*, 558 F.2d 292, 295 (5th Cir. 1977); *see Salinger v. Loisel*, 265 U.S. 224, 230 (1924) ("At common law the doctrine of res judicata did not extend to a decision on habeas corpus refusing to discharge the prisoner."); *Smith v. Yeager*, 393 U.S. 122, 124 (1968) ("[T]he usual principles of res judicata are inapplicable to successive habeas corpus proceedings."); *cf. Felker v. Turpin*, 518 U.S. 651, 664 (1996) ("The new restrictions on successive petitions constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice 'abuse of the writ.'"). The Supreme Court recently reaffirmed that preclusion does not apply in the habeas context. *See Bowe v. United States*, No. 24-5438, slip op. at 25 n.10 (U.S. Jan. 9, 2026).

The government argues that the court should deny Montoya Cabanas's petition because (1) she lost her first petition on the same grounds raised in this petition; (2) the class-action court did not have jurisdiction to grant her relief; (3) and, even if the class-action court had jurisdiction, the class-action judgment has no preclusive effect. (Docket Entry No. 7 at 3–6). The problem with the government's argument is that if preclusion does not control the resolution of successive disputes in the habeas context, then neither ruling binds this court. This court may rule for the

petitioner on the merits, as it has done for similar petitioners in previous cases. But at the same time, under Fifth Circuit precedent, "it is an abuse of the writ for a prisoner to raise the same claim a second time." *Beras v. Johnson*, 978 F.3d 246, 252 (5th Cir. 2020) (per curiam). It seems anomalous that the petitioner should suffer the detriment of preclusion principles but not reap its benefits under the last-in-time rule. Whether the class-action judgment controls the disposition of this case—because the class-action court had jurisdiction to enter its judgment and because issue preclusion applies—is material to deciding whether the court can grant the petitioner relief.

The court needs further briefing to properly resolve this petition. The petitioner must reply to the government's response and motion for summary judgment, (Docket Entry No. 7), and address the issues raised by the court no later than January 21, 2026. The government may file a sur-reply within 2 days after the petitioner's response or by 9 a.m. CT on January 23, 2026, whichever is sooner.

SIGNED on January 15, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge