United States District Court
Southern District of Texas
**ENTERED**
January 25, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VIRGINIA MONTOYA CABANAS, § § Petitioner, § § vs. § BRET BRADFORD, in his official capacity as § Field Office Director of U.S. Immigration and § Customs Enforcement Houston Field Office, *et al.*, § § Respondents. § | CIVIL ACTION NO. H-26-32 |

# ORDER

The petitioner, Virginia Montoya Cabanas, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the Houston Contract Detention Facility. Through counsel, she has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging her continued detention pending removal proceedings without a proper bond hearing. (Docket Entry No. 1). After considering the petition, the briefing, and the applicable law, the court grants in part Montoya Cabanas's petition, (Docket Entry No. 1), and denies the motion for summary judgment, (Docket Entry No. 7).

As this court and other courts have articulated in numerous decisions, Montoya Cabanas is properly subject to 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2). *See, e.g.*, *Buenrostro-Mendez v. Bondi*, Civ. Action No. H-25-3726, 2025 WL 2886346 (S.D. Tex. Oct. 7, 2025); *Gutierrez v. Thompson*, Civ. Action No. 4:25-4695, 2025 WL 3187521 (S.D. Tex. Nov. 14, 2025); *Buestan v. Chu*, No. 25-cv-16034, 2025 WL 2972252 (D.N.J. Oct. 21, 2025); *see also* Kyle Cheney, *More Than 100 Judges Have Ruled Against the Trump Admin's Mandatory Detention Policy*, Politico (Oct. 31, 2025), https://perma.cc/H6MZ-VC2Z.

This issue, as this court noted, is that this is Cabanas's second habeas petition. The court detailed the various complications arising from that fact; the later-in-time judgment entered in *Maldonado Bautista v. Noem*; and the uncertain status of preclusion in habeas contexts. (*See* Docket Entry No. 9). After a review of the supplemental submissions, the court concludes that Cabanas is entitled to habeas relief.

First, Cabanas is not abusing the writ. *See Beras v. Johnson*, 978 F.3d 246, 252 (5th Cir. 2020) (per curiam). This is her second habeas petition, but she is asserting the benefit of a later-in-time judgment. She is entitled to assert the benefit of that judgment under traditional preclusion principles. RESTATEMENT (SECOND) OF JUDGMENTS § 15 (Am. L. Inst. 1982); see Ruth B. Ginsburg, *Judgments in Search of Full Faith and Credit: The Last-in-Time Rule for Conflicting Judgments*, 82 HARV. L. REV. 798, 798 (1969). The abuse-of-writ rule is an equitable doctrine modeled after federal preclusion principles. *Bowe v. United States*, No. 24-5438, 2026 WL 70342, at *16 n.10 (U.S. Jan. 9, 2026). Cabanas is entitled to invoke preclusion.

Second, Cabanas is entitled to relief under *Maldonado Bautista*. The respondents can resist the preclusive force of that judgment only if the rendering court lacked jurisdiction over Cabanas. The respondents attempt to argue that this court should not apply nonmutual offensive collateral estoppel. *See United States v. Mendoza*, 464 U.S. 154, 155 (1984). But *Mendoza* does not apply because both the respondents and Cabanas are parties to the California judgment. *See id.* at 162–64; *United States v. Stauffer Chem. Co.*, 464 U.S. 165, 170 (1984). Absent plaintiffs are parties bound by class-action judgments. *Smith v. Bayer Corp.*, 564 U.S. 299, 313 (2011) (citing *Devlin v. Scardelletti*, 536 U.S. 1, 7 (2002)).

The respondents also argue that this court should not rely on the California judgment because it is on appeal. But a judgment is entitled to preclusive effect even though an appeal is pending. *Stevens v. St. Tammany Par. Gov't*, 17 F.4th 563, 571 (5th Cir. 2021).

The relevant question is whether the respondents can successfully collaterally challenge the jurisdiction of the California court. They cannot. The respondents first argue that the California court lacked jurisdiction because it resolved a core habeas claim. The respondents raised that argument in the California court, and they lost. The California court held that it had jurisdiction over a nationwide class because the class sought nationwide APA relief. *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987, at *14 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

The respondents next argue that the California court was wrong to issue nationwide APA relief, because the claims that the petitioners brought sounded in habeas. But the respondents made that argument before the California court, and again they lost. *See id.* at *14–15. Although these arguments are challenges to the California court's jurisdiction to enter a judgment, the fact that the respondents raised and lost those arguments before the California court means that the respondents are precluded from making the same challenges to jurisdiction here. Because the respondents "were given a fair chance to challenge the [California] Court's subject-matter jurisdiction, they cannot challenge it now." *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 153 (2009); *accord Epstein v. MCA, Inc. (Epstein III)*, 179 F.3d 641, 648 (9th Cir. 1999).

Cabanas is entitled to the preclusive force of the declaration that "Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)." *Maldonado Bautista*, 2025 WL 3678485, at *1. The respondents must provide

3

Montoya Cabanas with a bond hearing under § 1226(a) by February 6, 2026, or release her. The parties are to update the court on the status of her bond hearing no later than February 9, 2026. The motion for summary judgment, (Docket Entry No. 7), is denied.

    SIGNED on January 25, 2026, at Houston, Texas.

                                                Lee H. Rosenthal
                                         Senior United States District Judge